IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRADLEY ANDREW FRIEND,

Defendant.

Case No. 25-CR-00013-SEH

## OPINION AND ORDER

Before the Court is Defendant's motion to appoint counsel. [ECF No. 63].
Defendant requests appointment of counsel for assistance regarding his
motion for relief under 28 U.S.C. § 2255. Defendant argues that he needs the
assistance of counsel because of certain discovery and factual issues not
addressed by his previous lawyers during the sentencing process. The Court
notes that, "[t]here is no constitutional right to counsel beyond the direct
appeal of a criminal conviction." *United States v. Brown*, 556 F.3d 1108, 1113
(10th Cir. 2009) (quoting *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir.
2008)); *see also United States v. Little*, No. 14-195-KG, 2020 WL 2736944, at
*1–2 (D.N.M. May 26, 2020) (denying motion for appointed counsel of
defendant seeking compassionate release). In all proceedings brought under
28 U.S.C. § 2255, and any subsequent proceedings on review, the Court may

appoint counsel. 28 U.S.C. § 2255(g). Indigent prisoners in non-capital cases are not guaranteed appointment of counsel—only defendants convicted of capital offenses. See 18 U.S.C. § 3599. In non-capital cases, a prisoner seeking appointment of counsel in a habeas petition must request appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B). Under this Court's CJA Plan [General Order No. 21-35 at 7–8, Case No. 4:21-go-00001-JFH] the appointment of counsel in matters seeking relief under 28 U.S.C. § 2255 is discretionary. The standard is whether "the interests of justice so require" representation. 18 U.S.C. § 3006A(a)(2). If the Court chooses to hold an evidentiary hearing, the Court is required to appoint counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. § 3006A. *United States v. Leopard*, 170 F.3d 1013, 1015 (10th Cir. 1999).

The Court has reviewed Defendant's § 2255 motion and finds that the matters raised are not so complex or otherwise demanding that the interests of justice require appointment of counsel at this stage in the proceedings.

IT IS THEREFORE ORDERED that the Defendant's motion for appointment of counsel [ECF No. 63] is DENIED without prejudice to Defendant seeking relief at a later stage in the proceedings as appropriate under applicable law.

DATED this 17th day of June, 2026.


_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE